*EXHIBIT "B"*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
(www.flsb.uscourts.gov)

In re:

| | |
|---|---|
| São Fernando Açúcar e Álcool Ltda., São Fernando Energia I Ltda., São Fernando Energia II Ltda., São Marcos Energia e Participações Ltda., and São Pio Empreendimentos e Participações Ltda. | Chapter 15 |
| | Case No.: 19-21256-AJC |
| Debtors in a Foreign Proceeding. _____/ | |

**ORDER GRANTING MOTION FOR ORDER RECOGNIZING THE PRELIMINARY ASSETS FREEZE ENTERED BY THE BRAZILIAN BANKRUPTCY COURT**

This matter came on for hearing on June __, 2021 ("Hearing"), upon the Motion for Order Recognizing the Preliminary Asset Freeze Entered by the Brazilian Bankruptcy Court (the "Motion") (D.E. ___) filed by Vinicius Coutinho Consultoria e Perícia S/S Ltda., the judicial administrator (the "Foreign Representative") of São Fernando Açúcar e Álcool Ltda., São

Fernando Energia I Ltda., São Fernando Energia II Ltda., São Marcos Energia e Participações Ltda. and São Pio Empreendimentos e Participações Ltda. (collectively, the "Debtors"), debtors in a bankruptcy proceeding pending in the 5th Civil Court of the City of Dourados, in the state of Mato Grosso do Sul, Brazil (the "Brazilian Bankruptcy Court") under case no. 0802789-69.2013.8.12.0002 (the "Brazilian Bankruptcy Case"). The Motion seeks the recognition and enforcement of a preliminary asset freeze (the "Freeze Order") and a subsequent reconsideration order (the "Reconsideration Order") entered by the Brazilian Bankruptcy Court in an incident proceeding commenced by the Foreign Representative (the "Veil Piercing Action") to pierce the Debtors' corporate veil and extend the effects of the Debtors' bankruptcy to Jose Bumlai, Guilherme Bumlai, Mauricio Bumlai, Cristiane de Barros Costa Marques Bumlai Pagnonceli ("Cristiane Bumlai"), Fernando de Barros Bumlai ("Fernando Bumlai"), Agropecuaria CF Ltda. ("Agropecuaria"), and Donex Participacoes e Empreendimentos OSJC Ltda. ("Donex", and collectively, the "Respondents").

The Freeze Order enjoined the transfer of the Respondents' assets in Brazil and abroad up to the amount of up to the limit of the Debtors' liabilities totaling 2,202,722,644.51 Brazilian Reals. The Reconsideration Order, dated September 21, 2020, expanded the Freeze Order to include "all financial assets of the [Respondents] abroad, especially in the Bahamas and the United States."

The Brazilian Appellate Court[1] slightly modified the Freeze and Reconsideration Orders in its Orders Rejecting Stay Applications filed by Respondents Fernando Bumlai, Cristiane Bumlai, Guilherme Bumlai, Mauricio Bumlai, and Agropecuaria. The Orders Rejecting Stay Applications narrowly modified the effect of the Freeze and Reconsideration Orders to permit

---

[1] Unless otherwise indicated, terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Fernando Bumlai, Cristiane Bumlai, Guilherme Bumlai, Mauricio Bumlai, and Agropecuaria the continued management and use of their assets and the disposal of the "proceeds from the assets."

The Court has considered the Motion, the Declaration of Marcelo Lucidi in support of the Motion, the Freeze Order, the Reconsideration Order, and the Orders Denying Stay Applications, the record, the argument of counsel at the Hearing, and, being otherwise duly informed, makes the following order.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Motion is GRANTED.

2. Pursuant to 11 U.S.C. §§ 1521(a)(3) & (7) and 1507, the Freeze Order, as expanded by the Reconsideration Order, is given full force and effect and is binding on and enforceable in the United States against all persons and entities.

3. Accordingly, all persons and entities are enjoined from transferring, dissipating or otherwise disposing of the assets located in the United States of the following persons:

    a. Jose Carlos da Costa Marques Bumlai;

    b. Guilherme de Barros da Costa Marques Bumlai ("Guilherme Bumlai");

    c. Cristiane de Barros Costa Marques Bumlai Pagnonceli ("Cristiane Bumlai");

    d. Fernando de Barros Bumlai ("Fernando Bumlai");

    e. Mauricio de Barros Bumlai ("Mauricio Bumlai");

    f. Agropecuaria CF Ltda. ("Agropecuaria"); and

    g. Donex Participacoes e Empreendimentos OSJC Ltda.

(collectively, the "Respondents").

4. The Foreign Representative is authorized to take all actions necessary to carry out this order, including (i) the filing of a list pendens or recordation of this order with respect to any real property in which Respondents' hold an interest; (ii) any bank or financial institution where

any Respondent holds any account, including but not limited to, Wells Fargo Bank N.A. account number ending in 7125; and (iii) any person which may hold or control any property of any Respondent.

5.  The terms and conditions of this order shall be immediately effective and enforceable upon its entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

6.  This Court shall retain jurisdiction with respect to the enforcement, amendment, modification, or implementation of this order.

###

*(Juan J. Mendoza is directed to serve a copy of this order upon all interested parties who do not receive service by CM/ECF and file a conforming certificate of service.)*